RAMÓN CUEVAS OLIVO, Appellant, *v.* REGISTRAR OF PROPERTY OF UTUADO, Respondent.

No. 1067. Submitted April 15, 1940.—Decided May 8, 1940.

*Gaspar Gerena Bras* for appellant. The registrar appeared by brief.

MR. JUSTICE TRAVIESO delivered the opinion of the court.

Upon presentation in the Registry of Property of Utuado of a deed of segregation and sale, executed on March 13, 1940, by Dolores Matías Colón in favor of Ramón Cuevas Olivo, the registrar refused to enter the record on the ground stated in the following decision:

"The registration is refused of the above instrument, which is a copy of deed No. 23, executed in Utuado on March 13, 1940, before

notary Gaspar Gerena Bras, on the ground that there is no record in this registry in the name of Dolores Matías Colón, of age, divorced, property owner and a resident of Utuado, of the 91-cuerda parcel of land, located in the Angeles barrio of Utuado, such as the same is described in the title as presented, in compliance with art. 20 of the Mortgage Law, as to the segregation of the 5.5-cuerda tract from the above parcel made by Dolores Matías Colón and of the sale of the segregated portion to Ramón Cuevas Olivo; and in lieu thereof a cautionary notice is entered for the statutory term of 120 days in the name of said Ramón Cuevas Olivo; . . .''

Ramón Cuevas Olivo took the present appeal from the above decision.

The papers contained in the record include deed No. 39, executed on May 17, 1938, by José María Jirau Soto and Dolores Matías Colón, whereby the former sold to the latter the estate next described:

''RURAL ESTATE: Lying in the Angeles barrio, municipality of Utuado, Puerto Rico, made up of 91 cuerdas of land, equivalent to 35 hectares, 37 ares and 36 centiares, bounded as follows: on the north by Heirs of Primitivo González Fero, José Reboyras, Ramón Flores and Juan Acevedo; on the east by Buenaventura Sella and the Angeles river; on the south by Esteban Padró and Manuel Soto Toledo; and on the west by Juan Matías.

''Recorded on folio 150 of vol. 154 of Utuado, estate No. 6473, first record.''

José María Jirau Soto, the vendor, stated that several segregations have been made from the main property, which at present has become reduced to 25.75 cuerdas more or less.

By deed No. 23, which is the one involved in the instant appeal, Dolores Matías Colón segregated from the parcel bought by him by deed No. 39 already mentioned, 5.5 cuerdas which he sold to appellant Cuevas Olivo. The notary, however, instead of describing the main parcel from which there had been segregated the smaller one the subject of the sale, described the original estate as follows:

''First: That Dolores Matías Colón is the owner of the following piece of real estate:

"RURAL ESTATE lying in the Angeles barrio of Utuado, municipal district of Utuado, made up of 91 cuerdas of land, equivalent to 35 hectares, 37 ares and 36 centiares, bounded: on the north by Heirs of Primitivo González, José Reboyras, Ramón Flores and Juan Acevedo; on the east by Buenaventura Sella and the Angeles river; on the south by Esteban Padró and Manuel Soto Toledo; and on the west by Juan Matías.

"Recorded on folio 150 of vol. 154 of Utuado, estate No. 6473, first record.

"*Second:* Dolores Matías further states that several segregations have been made from the parcel described.

"*Third:* And having stated the foregoing facts, the parties agree to segregate from the estate described the following parcel:

"RURAL piece of property lying in the Angeles barrio of Utuado, with an area of 5.5 cuerdas more or less, equivalent to 2 hectares, 16 ares and 17 centiares, bounded: on the north by José Reboyras, Ramón Flores and Ramón Cuevas; on the east by José Morales; on the west by the remainder of the main estate; and on the south by Pascual Soto."

According to what has been so repeatedly held by this court,

"The rule is that the principal property from which the property to be segregated and sold is about to be taken must be described in the deed of segregation and sale. *Cadilla v. Registrar,* 19 P.R.R. 77. In the event of a subsequent segregation and sale the remainder of the original tract becomes the principal property for the purposes of such subsequent conveyance. *Kennedy v. Registrar,* 26 P.R.R. 720; *Figueroa v. Registrar,* 31 P.R.R. 360." *Irizarri-Cruz v. Registrar,* 38 P.R.R. 447.

If we apply the above rule to the case at bar it is evident that the deed whose record was refused by the registrar of Utuado is defective because it fails to contain a description of the main 25-cuerda tract from which the 5.5-cuerda parcel sold to the appellant was segregated. Such defect, however, is curable, as has been held by this court in the following cases, in addition to those already cited: *Rivera v. Registrar,* 55 P.R.R. 99; *Soto Gras v. Registrar,* 49 P.R.R. 402; *Cuevas v. Registrar,* 40 P.R.R. 26; *Ramírez v. Registrar,* 38

P.R.R. 691; *Medrano* v. *Registrar,* 38 P.R.R. 736; *Rodríguez* v. *Registrar,* 36 P.R.R. 16; and *Franceschi* v. *Registrar,* 13 P.R.R. 221.'' See also the decisions of the Division of Registries from December 1, 1892, to November 20, 1889. However, the registrar deemed the defect to be incurable and refused the record. We transcribe from his brief the grounds on which he relied for his decision, as follows:

"The appellant greatly errs in his statement that the instant case is similar to that of *Kennedy et al.* v. *Registrar of San Juan,* 26 P.R.R. 720, where the following doctrine is laid down:

" 'It is a curable defect not to describe in the deed presented for record the principal estate from which the lot to be recorded was segregated, although the principal estate is the remainder of other estates from which it was likewise segregated.'

"In the case just cited, Benjamín E. de Solá and his wife, vendors, were the owners of 57,076 square meters, which they described in the deed, from which several segregations were made, and the building lot purchased from them by Ana Teresa Kennedy de Bishop was segregated 'from the remainder of the original estate,' which the former could do because the whole original estate was recorded in their names, what was left of it becoming the main estate after deducting the land segregated and sold. The original estate was described but not so the main estate from which actually and effectively there could be segregated the building lot sold to Mrs. Bishop, and this is what constitutes the curable defect, that the instrument sought to be recorded does not give a description of the main estate from which the building lot sought to be recorded was segregated, although the main estate is a remainder of the other from which it was likewise segregated. This case is almost similar to that referred to in deed No. 39 which is part of the record and by which Dolores Matías Colón bought the 25.75 cuerdas, more or less, (as the remainder of the 91–cuerda tract from which several segregations had been made), from José María Jirau Soto who owned the original estate, and which was recorded with the same curable defect above referred to.

"But the case under consideration is quite different. Dolores Matías Colón, who sold to the appellant, has never owned nor has be recorded to his name in the registry the above 91–cuerdas parcel, of which he only acquired what was left from it after repeated seg-

regations, that is, 25.75 cuerdas, more or less, which remainder was recorded in his favor with the curable defect of the failure to describe the remainder of the estate after making the aforesaid segregations. And although he owns and has recorded in his favor the remainder of the said estate, Dolores Matías Colón in deed No. 23, whose registration we have refused, fully omits any reference to said remainder but segregates from it a parcel measuring 5.5 cuerdas, more or less, which he sold to appellant Ramón Cuevas Olivo."

Article 110 of the Mortgage Law Regulations lays down for registrars the rule to guide them in distinguishing curable from incurable defects. Said article provides that:

"In order to distinguish curable defects from those which are not, and to enter or not a cautionary notice by virtue thereof, according to the provisions of articles 65 and 66 of the law, the registrar shall consider the validity of the obligation the subject of the instrument. If such obligation should be void on account of its nature, conditions, the capacity of the parties thereto or a similar cause independent of its extrinsic form, the defect shall be considered incurable. If the obligation should be valid, in view of the said circumstances, and the defect should be merely in the external form of the document containing it, which can be amended or rewritten at the will of the persons interested in the record, the defect shall be considered curable."

There is no doubt that the defect noted by the registrar of Utuado does not invalidate the obligation set forth in the title deed. The execution of an explanatory deed giving a description of the main property would cure such defect.

The decision of the registrar shall be reversed and the record ordered with the curable defect of the failure to describe the main estate.